The Honorable Alice S. Gray Chancery and Probate Judge 1st Division, 6th District 401 West Markham St., Suite 350 Little Rock, Arkansas 72201
Dear Judge Gray:
I am writing in response to your request for my opinion on the following question:
 Are court reporters, as state employees, eligible for catastrophic leave?
RESPONSE
In my opinion, the answer to your question is "yes." However, pursuant to statute, you yourself have the administrative responsibility of declaring her eligible and directing that she receive benefits through the Office of Personnel Management of the Division of Management Services of the Department of Finance and Administration ["OPM"].
The official court reporters of the circuit and chancery courts are designated as state employees in A.C.A. § 16-13-501. The catastrophic leave program for state employees is described in A.C.A. § 21-4-214, a provision of the Uniform Attendance and Leave Policy Act (the "Act"), A.C.A. § 21-4-201 et seq. Although circuit and chancery courts are generally excluded from coverage under the Act pursuant to A.C.A. §21-4-203(1)(C), court reporters are specifically included pursuant to A.C.A. § 16-13-503(c), which provides:
 The official court reporters of the circuit and chancery courts in the state shall be subject to, and their attendance and leave time shall be governed by, the Uniform Attendance and Leave Policy Act, as amended, § 21-4-201 et seq. However, the judge of the court served by each such reporter shall have the authority and responsibility to administer the Uniform Attendance and Leave Policy Act, § 21-4-201 et seq., as applied to the respective court reporters.
As reflected in the specific reference to "attendance and leave time," this 1981 statute appears intended primarily to insure that court reporters, subject to their respective judges' monitoring, observe the same employment conditions as state employees. At the time of this statute's adoption, the legislature had not yet established the catastrophic leave bank within the Act. The legislation authorizing the establishment of catastrophic leave banks, A.C.A. § 21-4-214(a)(2), was adopted in 1991 and provides:
 Each state agency approved by the department to participate in the catastrophic leave bank program may establish a catastrophic leave bank for its employees, or the state agency may participate in a catastrophic leave bank to be administered by the Office of Personnel Management of the Division of Management Services of the Department of Finance and Administration.
In my opinion, given that A.C.A. § 16-13-503(c) expressly provides that court reporters will be "subject to" the Act, the statute just quoted makes them eligible to participate in the catastrophic leave bank administered by OPM.[1] Moreover, given that you are statutorily charged with "the authority and responsibility to administer" the Act with respect to your reporter, A.C.A. § 16-13-503(c), I believe the only approval required for her participation in the catastrophic leave program is your own. Accordingly, I suggest you simply declare your reporter eligible and advise OPM of her entitlement to benefits.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh
[1] The alternative stated in A.C.A. § 21-4-214(a)(2) — establishing a leave bank for your own employees — obviously would not apply in this case, since the only covered employee is your lone court reporter.